In re SCHOCKET.

In re BLANKENSTEIN'S PETITION.

(District Court, D. Rhode Island. March 24, 1910.)

No. 805.

BANKRUPTCY (§ 476*)—COSTS—RECLAMATION PETITION—DISMISSAL.

Where a claimant of property in the hands of a bankrupt's trustee filed a reclamation petition, which was subsequently dismissed as fraudulent and unsustainable, the proceeding being analogous to a suit in equity, the trustee was entitled to an allowance against the petitioner, as a part of the costs, of the charges and expenses properly incurred in preserving the property during the pendency of the petition and directly resulting from such proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 898, 899; Dec. Dig. § 476.*]

In the matter of the bankruptcy proceedings of Chona Schocket. On petition by the trustee to review the referee's taxation of costs on the dismissal of a reclamation petition. Reversed in part.

Leonard Zisman, for claimant.

James H. Rickard, for trustee.

BROWN, District Judge. The trustee petitions for review of the referee's taxation of costs upon Blankenstein's reclamation petition. This petition was dismissed; the referee finding that Blankenstein's claim of title to certain personal property was without merit and fraudulent. Upon this finding Blankenstein filed a petition for a review, which was subsequently abandoned.

The trustee included in his bill of taxable costs expenses incurred by him in keeping the goods until the time of the final abandonment of Blankenstein's petition for a review. The referee, being in doubt as to his authority to allow these items in taxing costs, disallowed all items for the expense of keeping the goods pending the reclamation proceedings and the petition for review thereof.

Blankenstein's petition prayed for a return to him of specific personal property which was in the hands of a receiver when he filed his petition, and which subsequently came into the hands of the trustee upon his appointment. The relief sought—i. e., a return of specific property—was inconsistent with a sale by the trustee. Neither Blankenstein nor the trustee made application for a sale of the property and to hold the proceeds in lieu thereof.

The trustee contends that the reclamation proceedings prevented a sale, and gave rise to expenses in preserving the property; that these expenses were the result of a fraudulent claim, and should not be cast upon the estate, but should be borne by the petitioner for reclamation and taxed against him.

While it is doubtful if this expense falls strictly within the usual meaning of the term "costs of suit," and while no statutory provision in terms covers a charge of this character, yet in a proceeding in equity the taxation of similar charges seems to have been allowed. In Burns v. Rosenstein, 135 U. S. 449, 10 Sup. Ct. 817, 34 L. Ed. 193, which related to proceedings in equity, the court said:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The allegations of the original bill justified the issuing of the attachment. It was right that the property taken under it should be cared for, and, as the court found that the plaintiffs were entitled to a decree against the defendants, a judgment for costs properly followed; and we perceive no reason why the plaintiffs should not have been allowed, as part of their costs, a reasonable amount for the expenses incurred in preserving the attached property, and for which they became primarily liable to the officer keeping it. We cannot say, upon the record before us, that the court below exceeded its discretion in apportioning the expenses thus incurred."

A court of equity, in extending an order for the taxation of costs so that it may include charges and expenses properly incurred, seems to proceed rather upon considerations of the substantial equities of the parties than upon ordinary statutory provisions concerning costs. 3 Daniell's Chancery (1st Am. Ed.) p. 1586.

The petitioner in reclamation having made application to a court exercising chancery powers in the administration of the bankrupt's assets, seeking a determination of his right to have returned to him specific property held by the trustee for the benefit of the creditors, is justly chargeable for such necessary expenses in the custody of the goods as were occasioned by the proceedings instituted by him, and which would not have been incurred, but for his intervention. To cast upon the property belonging to the creditors the costs of preservation pending the fraudulent claim of an intervener is contrary to equity. I am of the opinion that the court has authority to so extend an order for the taxation of costs against the intervener as to include a direction to tax charges and expenses of custody, as well as ordinary costs. Such charges and expenses should cover only the custody and expense which were the direct result of the intervention proceedings. Charges for expense of keeping, that would have been necessary irrespective of the filing of the reclamation proceedings, should be disallowed.

The finding of the referee is affirmed as to other items of costs, but is reversed as to disallowance of all items for custody, and the petitioner for review may make application to the referee for further taxation in accordance with this opinion; the referee to be at liberty to determine the proper amount of said charges and the reasonableness of the fees for keepers.